## BANK OF ORLAND v. FINNELL.

### Sac. No. 380; March 8, 1899.

#### 56 Pac. 607.

**Findings.**—Plaintiff Alleged an Agreement Whereby Third Parties were to summer-fallow land for defendant, and that defendant should pay plaintiff the reasonable value thereof; that, after said plowing had been completed, said third parties directed defendant to pay plaintiff, and defendant agreed so to do. Defendant alleged execution of a two years lease to such third parties in payment of said agreement, and that plaintiff and such third parties accepted the same in full satisfaction of the claim. Held, to require a finding as to whether, after the plowing was done, defendant, for a valuable consideration, promised to pay plaintiff therefor, as alleged in the complaint.

APPEAL from Superior Court, Glenn County.

Action by the Bank of Orland against John Finnell. From a judgment in favor of defendant and from an order denying a motion for a new trial plaintiff appeals. Reversed.

Ben. F. Geis for appellant; Seth Millington for respondent.

GRAY, C.—The complaint sets forth, in substance, that in August, 1894, it was agreed between plaintiff, defendant, and James and William Deveney that the Deveneys should summer-fallow two thousand five hundred acres of land for defendant, and that defendant should pay plaintiff the reasonable value thereof; that in the summer-fallowing season next ensuing, and subsequent to such agreement, the Deveneys did the summer-fallowing; that it was worth $1.50 an acre, or a total of $3,750. Then follows, in the complaint, this allegation: "That at the time of the entering into the said agreement, after the said plowing had been completed, the said Deveneys, for a valuable consideration, directed the said John Finnell to pay the plaintiff, and the said John Finnel agreed to pay the plaintiff, for the said plowing, as aforesaid." The pleadings were not verified. The answer contained a general denial; also, an affirmative defense, in the nature of a novation, in which it was alleged that in October, 1894, defendant executed a two years lease to the Deveneys

of the land in question, and that plaintiff and the Deveneys accepted the same in full satisfaction and discharge of the claim set up in said complaint. After a finding of plaintiff's corporate capacity, the findings read as follows: "(2) That on the ninth day of August, 1894, the defendant entered into the following agreement, and no other, with the plaintiff and James O. Deveney and William Deveney, to wit: Defendant agreed to lease certain lands, consisting of five thousand acres, more or less, upon the Capay Rancho, in said Glenn county, state of California, unto the said James O. Deveney and William Deveney, for the term of one year from the first day of October, 1894, for a certain rental, and did further agree to pay a reasonable price per acre for any and all summer-fallow plowed by the said Deveneys upon said leased land, during said term of leasing, if said lease should for any cause be terminated and cease at the end of the said one year. (3) That defendant did not agree to pay for said summer-fallow, in any and all events, as in the complaint set out, but only in case the said James O. Deveney and William Deveney should cease to be his tenants at the end of the said term of one year. (4) That under and in pursuance of said agreement the said James O. Deveney and William Deveney did accept said oral lease, and did occupy said lands as tenants, and did summer-fallow two thousand one hundred and thirteen acres of said land. (5) That the reasonable value or price per acre for said summer-fallowing was and is $—— per acre. (6) That during the pendency of said lease, and before said summer-fallowing was done, the defendant did make, execute, and deliver unto the said James O. Deveney and William Deveney his certain indenture of lease, in writing, whereby he did lease all of said lands, theretofore held by them by oral lease, unto the said James O. Deveney and William Deveney for the term of two years from the first day of October, 1894. (7) That the plaintiff and the said James O. Deveney and William Deveney agreed thereto, and did accept said written lease in full satisfaction and discharge of all claims by them against defendant, and of the agreement hereinbefore found and set out, as made by defendant August 9, 1894."

The evidence would seem to be lacking to support that portion of the last finding relative to plaintiff accepting the written lease in satisfaction of the claim of plaintiff for the

value of the plowing under first contract mentioned in the findings; but as there is another ground upon which a new trial must be had, and the evidence may not be the same upon such new trial, it will not be necessary to notice this point any further.

I am of the opinion that the point made in appellant's specifications and brief, that the court failed to find on the issue as to whether, after the plowing was done, defendant, for a valuable consideration, promised to pay plaintiff for it, is well taken. The question is whether the finding that, before the summer-fallowing was done, the execution of a lease for two years superseded the agreement for one year, of August 9, 1894, and so rendered any further finding unnecessary. But the record does not show satisfactorily that the situation was such that the defendant could not bind himself by the express contract charged. It is contended by respondent that the allegation of the complaint quoted above is confined, as to its date, to the time of the first agreement mentioned in the complaint, and must be taken as a part of such agreement, and that that agreement was completely disposed of in the findings. This allegation of the complaint seems to be somewhat ambiguous as to time, but there was no demurrer to it on that or any other ground, so it became the duty of the court to determine what it meant; and, if it was material, the findings should have covered it. It may as well be said that the allegation in question refers to a time after the plowing was completed, as to say it refers to any time prior thereto, and this construction must have been placed upon it by both court and counsel on the trial; for much evidence was introduced on behalf of the plaintiff to show that long after the making of the two year lease, after much of the plowing had been done, and about the last of March or first of April, 1895, the defendant had requested plaintiff to procure a written order from the Deveneys, directing him to pay the price of the plowing, and promised to pay the same. This was denied by defendant on the witness-stand. Plaintiff put in evidence a written order drawn on defendant by the Deveneys, in favor of plaintiff, for the price of plowing. This order was dated in August, 1895; and plaintiff's cashier testified that he had obtained it pursuant to such request of defendant. So that there was a sharp conflict in the evidence upon the question as to whether defendant, after the

plowing had been done, had promised to pay plaintiff for it. The reception of all this evidence shows that the allegation was deemed to be material, and perhaps to refer to a time other than that of the first agreement mentioned in the complaint. We will suppose that the court had, in addition to the facts already found, gone on to say, in the language of the complaint, as follows: "After the said plowing had been completed, the said Deveneys, for a valuable consideration, directed the said John Finnell to pay to the plaintiff, and the said John Finnell agreed to pay plaintiff, for the said plowing, as aforesaid." Would not a judgment for plaintiff on the findings have necessarily followed? This supposed finding would cover a part of the same page with the actual findings, with the utmost harmony, and had the court made such a finding, it is doubtful, from the condition of the record, whether it could have been disturbed on appeal; and certainly the judgment on the findings would necessarily have been for the plaintiff, and directly contrary to the way it is now. All this seems to show, first, that the allegation referred to in the complaint is not covered by the findings as they stand; and, second, such allegation is material, and plaintiff is entitled to a finding upon it. And for these reasons I advise that the judgment be reversed, and a new trial ordered.

We concur: Haynes, C.; Pringle, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and a new trial ordered.